RUBÉN MARTÍNEZ ET AL., Plaintiffs and Appellees, v. COMUNIDAD MATEO FAJARDO CARDONA ET AL., Defendants and Appellants.

No. R-62-161.     Decided May 29, 1964.

452

F. *Fernández Cuyar* for appellants. *E. Alcaraz Casablanca* and *Celedonio Medín Lozada* for appellees.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On February 17, 1961, about 4:30 p.m., an employee of defendant Comunidad Mateo Fajardo Cardona who was driving a tractor—generally denominated *"zancú"* in the agricultural area—invited minor plaintiff Rubén Martínez and his friend to lend him a hand in the task of coupling up some sugarcane hauling cars to the tractor. There is no controversy as to the facts that the driver was an employee of the aforementioned enterprise, that he was acting within the

scope of his duty and in the course of his employment, and that he was authorized to operate the tractor.

The youngsters—plaintiff was seventeen years old at the time—consented to the driver's request. They mounted the tractor and occupied the rear part of the vehicle and went to a somewhat distant place where the cars loaded with cane were standing. On arriving at the place they were told to alight and hitch the cars, which operation required them to lift the tow bar of the cars until the driver maneuvered the tractor and could place it in an adequate position to permit the trailer hitch to level with the ring of the cars to be firmly secured with a glide pin. Said operation having been satisfactorily completed, the operator told the youngsters to mount again on the rear part of the tractor to return them to the place where he had found them. Plaintiff did as told, and sat with his foot resting over the ring of the cars. The pin, being narrower than the ring, was quite loose in the coupling. The tractor skidded on the wet ground and the machine made a sudden and rough movement forward and then backwards. As a result of said movement the pin caught the left heel of the minor, who was barefooted, causing the soft tissues of the heel to be torn off inflicting an irregular and deep wound. He was confined in the Municipal Hospital in Hormigueros for two months. He could not stand on his injured foot until three months after the accident. Although he does not show any disability in the normal functions of locomotion, the scar left by the wound has divided the heel, presenting a marked deformation.

Action for damages was filed and the trial court decided that the accident was mainly the result of the operator's lack of care, although it admitted there was also concurrent lack of caution and negligence on plaintiff's part. In order to establish the enterprise's liability for actions of its employee the trial judge decided that the operator had implied authority to request the minors' collaboration, on the ground of (a)

the existence of the need of help from third persons to permit the employee to perform his work satisfactorily; and (b) the lack of evidence to the effect that the employer had supplied said help.

Defendant-appellant does not challenge the decision as to the negligence committed by its employee. Yet it maintains that the trial court erred, as a question of law, in deciding its legal liability on the ground that its employee had implied authority to invite plaintiff and request his assistance, since said decision is grounded on two premises lacking evidence; and, in the hypothesis that there existed evidence as to both points, it would not be sufficient to justify said implied authorization in the absence of a sudden and unforeseen emergency.

■ ■ 1—As § 1-148 of the Vehicle and Traffic Law, No. 141 of July 20, 1960, 9 L.P.R.A. § 348, expressly excludes tractors used for agricultural purposes in the definition of "motor vehicles", cf. People v. Vargas, 84 P.R.R. 216 (1961), the liability in this case may not be established by the application of the provisions of § 13-101 of said Act, 9 L.P.R.A. § 1751, related to the operation of a motor vehicle driven by any person who obtains possession thereof by express or tacit authorization of its owner.[1] Cordero Santiago v. Lizardi Caballero, 89 P.R.R. 148 (1963).

■ 2—The evidence introduced—the two minors' testimony—establishes the two premises on which the trial judge

---

[1] Insofar as pertinent said section reads:

"The owner of a motor vehicle shall be liable for damages and losses caused through guilt or negligence by operation of such vehicle when operated by or in the possession or under the control of any person who, for the main purpose of operating it, or of having or allowing it to be operated by a third person, obtains possession thereof by express or tacit authorization of its owner. In any event it shall be assumed, unless otherwise proved, that any person operating or having in his possession or under his control a motor vehicle has obtained possession thereof with the authorization of its owner for the main purpose of operating it or having or allowing it to be operated by a third person."

based his conclusion that defendant's employee had implied authorization to request the assistance of third persons. Benjamín Alequín testified that the operator was alone and he requested them "to go and couple some cane cars *that he could not couple*." Inquiring into the basis of said statement, he explained that the latter could not do it by himself, "because he had to back up." If one bears in mind the operation that had to be performed in order to hitch the cars, it is easy to understand that the operator could not do it by himself. The witness also stated that the driver called them "often, when the employees were gone, and there were no laborers around." These elements of evidence, added to the fact that the accident occurred about half past four in the afternoon—at the time when work has generally ceased in the agricultural area—are sufficient to support the fact that the driver was in need of help which he requested in order to comply satisfactorily with his obligation and that the employer, at that specific instant, had not supplied said assistance, because there were no other laborers working.

*Jiménez* v. *People*, 83 P.R.R. 195 (1961) and more recently, *Vargas Vargas* v. *Belthor Cáceres Corporation, ante,* p. 36, establish the proper rule to decide the question of lack of liability. There is no doubt that when an employee requests the assistance of other persons to perform an action which tends to accomplish the employer's orders, and which may result in his benefit, the latter may not deny his liability under the allegation of lack of express authorization; or, even in case of implied authorization, in the absence of an emergency. In *González* v. *Compañía Agrícola*, 76 P.R.R. 373 (1954) we stated that the fact itself, isolated and independent, that the driver, in causing the accident, was violating the specific instructions of his employer or was acting in a manner expressly forbidden by his employer, does not excuse the latter from liability; the essential point is to determine the agent's intention in performing such act and if in

performing it his intention was to serve and protect the interests of the employer and not his own, liability shall be imposed on the employer. See, also, *Lloréns* v. *Lozada*, 73 P.R.R. 260 (1952); *Rivera* v. *Maldonado*, 72 P.R.R. 448 (1951); *Acosta* v. *Crespo*, 70 P.R.R. 223 (1949); *Maysonet* v. *Heirs of Arcelay*, 70 P.R.R. 155 (1949); *Suárez* v. *Saavedra*, 60 P.R.R. 589 (1942). This is a modality of the criterion of "economic benefit" test as a generating source of civil liability, to which we referred in *Weber* v. *Mejías*, 85 P.R.R. 72 (1962) citing II Harper and James, The Law of Torts 1478–1479 (1956). In the present case there is no doubt that the action performed by the operator of the tractor for which he obtained the assistance of the minor defendant was one related to the employer's business, and for his economic benefit.

■ It is not necessary either that the employee's action be due to a sudden and unforeseen emergency; it suffices, as we have stated, that the action result in the employer's economic benefit. The cases of other jurisdictions cited to induce us to adopt the limitation of liability to the emergency cases respond to a state of law—the strict principles of the agency of the Common Law—which are not appropriate within the ample interpretation of § 1802 of the Civil Code.

The judgment rendered by the Superior Court, Mayagüez Part, on May 25, 1962 will be affirmed.